## Rehrig v. Borough of Bowmanstown

*Martin H. Philip,* for appellants.
*Murray Mackson,* for appellee.

LAVELLE, *P.J.,* December 8, 1981—Before the court is the motion of the Borough of Bowmanstown (hereafter Borough) to quash the appeal and amended appeal filed by Wilson D. Rehrig, Sr. and Araminta L. Rehrig (hereafter Rehrigs) from two ordinances enacted by the Borough Council on May 5, 1981.*

Ordinance no. 81-1 regulates the grading of sidewalk areas, as well as the construction, repair or replacement of sidewalks, curbs and driveway

---

*By order of this court dated November 9, 1981, intervention in the Rehrigs' appeal by several other property owners in the Meadow Crest Estates section of Bowmanstown was permitted. The caption of this action was accordingly amended to include the intervenors' names, as appears above.

entrances along the streets of Bowmanstown. Ordinance no. 81-3 accepts for public use East Mill Street, East Lime Street, Oak Street, Sander Street, Green Street, the western portion of Craig Street and Pine Street, which were previously opened for public use and dedicated to the borough by deed in 1976. The ordinance further designates the appropriate rights of way and cart paths for each of the above named streets.

Notice of the borough's intention to enact both ordinances was advertised in the Times-News on April 28, 1981. The ordinances were adopted on May 5, 1981. On June 4, 1981, the Rehrigs filed an appeal challenging the legality of both ordinances to this court. A bond in the amount of $500 with the Western Surety Company for costs of appeal was filed at the same time. An amended appeal was filed on June 10, 1981.

On June 25, 1981, the borough filed a motion to quash raising three issues which we will discuss seriatim:

1. that the appeal was not timely filed;

2. that service of process upon the Borough was improper;

3. that the bond filed lacked sufficient surety.

### I. Appeal Not Timely Filed

The Borough's principal contention is that the Rehrigs' original appeal was not perfected within the time period established by law. The Borough relies on the version of section 1010 of The Borough Code of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. §46010, which appears in Purdon's Pennsylvania Statutes Annotated Cumulative Annual Pocket Parts for use in 1981-82. On its face, it seems to support the borough's position. Unfortunately for the borough, our review of the

statute's history and the effect of the Judiciary Act Repealer Act indicates that this is not the law. Purdon's 1981-82 Pocket Part does not accurately reflect the changes effected by JARA on section 1010 of The Borough Code.

Before the enactment of JARA in 1978, section 1010 read as follows:

"Complaint as to the legality of any ordinance or resolution may be made [to the court] of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, *within thirty days after the advertisement of any ordinance* or the adoption of any resolution, and the determination and order of the court thereon shall be conclusive. In cases of ordinances effecting change of boundaries or territorial limits of any borough or laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance. No such appeal shall act as a supersedeas unless the court shall so order or unless specifically otherwise provided in this or any other applicable act." As amended, December 10, 1970, P.L. 912, sec. 1 (Emphasis supplied.)

The heart of section 1010—the requirement that an appeal from an ordinance be filed within 30 days of its advertisement was repealed by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a), which provides:

"Except as otherwise expressly provided in this subsection, the following acts and parts of acts are hereby repealed absolutely:
. . . [1399] As much as follows: 'made to the court' of the first sentence and as much as reads as follows: 'effecting change of boundaries or territorial

limits of any borough or' of the second sentence and third sentence of section 1010 . . ."

This repeal provision was interpreted by the editors of Purdon's Statutes and section 1010 of The Borough Code was printed in Purdon's in the following form:

"Complaint as to the legality of any ordinance or resolution may be of quarter sessions, upon entering into recognizance with sufficient security to prosecute the same with effect and for the payment of costs, by any person aggrieved, within thirty days after the advertisement of any ordinance or adoption of any resolution, and the determination and order of the court thereon shall be conclusive. In cases of ordinances laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance." As amended, October 9, 1967, P.L. 399 sec. 1; December 10, 1970, P.L. 912 sec. 1. As affected April 28, 1978, P.L. 202, sec. 2(a) [1399], effective June 27, 1980.

The first sentence of this version is apparently based on a misreading of section 1399 and is badly flawed. It is made to read as though section 1399 repealed "As much as *reads* as follows: 'made to the court.'" (Emphasis supplied.) As a result, Purdon omitted that phrase alone and the first sentence of the statute becomes garbled and makes no sense.

The proper deletion should have been of "As much as follows: 'made to the court' of the first sentence." (Emphasis supplied.) In other words, the remainder of the first sentence, after "made to the court," including the crucial reference to the time limit on an appeal, should have been deleted.

We have found no other relevant enactment providing otherwise. Therefore, section 1010 of The

Borough Code as revised by JARA provides and should appear in Purdon's Statutes as follows:

"Complaint as to the legality of any ordinance or resolution may be made to the court. In cases of ordinances laying out streets over private lands, the court shall have jurisdiction to review the propriety as well as the legality of the ordinance."

Filling the gap left in section 1010 by JARA, the time limitation applicable to appeals from enactment of local ordinances is now found at 42 Pa.C.S.A. §5571(c)(5), which provides:

"Questions relating to an alleged defect in the process of enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision shall be raised by appeal commenced within 30 days after the effective date of the ordinance, resolution, map or similar action."

As the record indicates, the original appeal from the disputed ordinances was filed on the 30th day after their enactment. Under the correct controlling law, Purdon's Statutes notwithstanding, the appeal was, therefore, timely filed.

## II. Improper Service of Appeal

The borough's contention regarding service of the appeal is without merit. The Borough Code does not specify the manner in which service should be made on the borough in the case of an appeal from adoption of an ordinance.

In our view, personal service on the Secretary of the Borough Council by the Rehrigs satisfies the provisions of Pa.R.C.P. 2104. Contrary to the borough's argument, there is no requirement that service be made by the Sheriff. Rule 1009, on which the borough relies, does not apply. Rule 1009(d) itself

expressly provides that service upon a political subdivision is governed by Rule 2104.

## III. Adequacy of Bond

With regard to the necessity of a bond, prior law did require as noted, supra, that an appeal from a Borough Ordinance be accompanied by "recognizance with sufficient security to prosecute the same with effect and for the payment of costs." 53 P.S. §46010. This provision, however, along with the previously discussed time limitation, was expressly repealed by section 2 of JARA. As a result, the $500 surety bond filed by the Rehrigs was not necessary. A fortiori, an attack on the adequacy of the bond must fail.

Accordingly, we enter the following

## ORDER

And now, December 8, 1981, the motion of the Borough of Bowmanstown to quash the appeal and amended appeal from the enactment on May 5, 1981, of the Borough Ordinances 81-1 and 81-3 be and the same hereby is denied.